## Appeal of STOLLWERCK CHOCOLATE CO.

Docket No. 6030.   Decided July 28, 1926.

The cost of buildings, machinery, furniture and fixtures determined for depreciation purposes.

*Walter M. Maguire, Esq.*, and *Frank S. Bright, Esq.*, for the petitioner.

*Arthur H. Fast, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

Taxpayer appeals from the determination of a deficiency of $2,889.49 income and profits taxes for 1920, and alleges that the Commissioner committed error in his determination of the cost to taxpayer of its buildings, machinery and furniture, which cost was used as the basis for determining the proper deduction for depreciation of such assets.

### FINDINGS OF FACT.

The taxpayer is a corporation organized in February, 1919, under the laws of Massachusetts, with 12,500 shares of preferred and 20,000 shares of common stock of the par value of $100 per share. On its organization it acquired the business and all of the assets of Stollwerck Brothers, Inc., a corporation organized in 1908 under the laws of Connecticut.

Stollwerck Brothers, Inc., was engaged in the manufacture and sale of cocoa and cocoa products. All of the stock of that company, with the exception of 335 shares, was owned by alien enemies and was

taken over by the Alien Property Custodian in 1917. In 1918 this stock, consisting of 6,000 shares of preferred and 6,165 shares of common, was sold by the Alien Property Custodian at public auction for $1,503,390. There were present at the auction some twenty buyers, of whom six or seven made bids for the stock. The balance of the stock, 335 shares, which was owned by others, was subsequently sold at private sale for $55,610 to the same interests which had purchased the stock upon the auction sale.

On February 13, 1919, about two months after the auction sale, Stollwerck Brothers, Inc., offered in writing to sell to the taxpayer all its "business, trade-marks, trade names, patents, applications for patents, licences, secret processes, good will, real estate, security, contracts, cash, accounts receivable, claims, choses in action, merchandise, materials, supplies, implements, machinery and all other assets, real, personal and mixed", as a going concern, together with the use of the name of Stollwerck Chocolate Co. or a similar name, for $1,000,000 par value of first preferred stock, $1,999,700 par value of common stock of the taxpayer, both fully paid and non-assessable, and $300 in cash; the taxpayer to "pay, satisfy, discharge, perform and fulfill all the debts, liabilities, contracts and obligations" of Stollwerck Brothers, Inc.

Accompanying said offer was a statement of assets and liabilities of Stollwerck Brothers, Inc., other than capital stock, as of January 2, 1919, as follows:

*Assets:*

| | |
|---|---:|
| Cash | $129,378.84 |
| Accounts receivable | 314,312.02 |
| Notes receivable | 17,212.00 |
| Inventories | 835,315.75 |
| U. S. Liberty bonds at cost | 85,000.00 |
| Prepaid charges | 33,572.48 |
| Investments | 50,860.00 |
| Plant at "sound value" appraised by Central Construction Co. on basis 1918 reproduction cost | 1,516,936.00 |
| Good will, trade-marks, etc. | 655,645.00 |
| | 3,638,232.07 |

*Liabilities:*

| | |
|---|---:|
| Notes payable | $345,000.00 |
| Accounts payable | 37,479.88 |
| Savings fund deposits | 170,683.71 |
| Mortgage on factory | 25,000.00 |
| Reserve for Federal taxes 1918 | 11,000.00 |
| Accrued state and municipal taxes | 7,546.03 |
| | 596,619.62 |

The item " Plant at Sound Value Appraised by Central Construction Company on basis 1918 reproduction cost $1,516,936," was made up of the following items:

| | |
|---|---:|
| Land | $112, 150. 00 |
| Buildings and miscellaneous structures | 442, 409. 00 |
| Machinery and equipment therefor | 753, 115. 00 |
| Furniture and fixtures | 11, 401. 00 |
| Organization and legal expenses, engineering and supervision, interest, taxes and insurance, during construction, and general contingencies, 15 per cent of the above | 197, 861. 00 |
| Total | 1, 516, 936. 00 |

The above offer of Stollwerck Brothers, Inc., was accepted on February 13, 1919, by the taxpayer. All the assets of Stollwerck Brothers, Inc., were transferred and conveyed to the taxpayer for the considerations and upon the conditions above set forth.

In computing its income for 1920 taxpayer claimed as a deduction an allowance for depreciation based upon a cost to it of such assets as follows:

| | |
|---|---:|
| Buildings | $442, 409. 00 |
| Machinery | 753, 115. 00 |
| Furniture and fixtures | 11, 401. 00 |

In computing the net income upon the basis of which the deficiency is determined, the Commissioner determined the cost of such assets to the taxpayer to be as follows:

| | |
|---|---:|
| Buildings | $180, 771. 70 |
| Machinery | 270, 463. 42 |
| Furniture and fixtures | 4, 115. 21 |

and computed depreciation upon that basis.

As at the close of business on December 31, 1918, these assets were carried upon the books of Stollwerck Brothers, Inc., as follows:

| Asset | Carried at— | Reserve for depreciation | Balance |
|---|---:|---:|---:|
| Building | $341, 488. 21 | $41, 766. 40 | $299, 720. 81 |
| Machinery | 510, 904. 27 | 237, 342. 78 | 273, 561. 49 |
| Furniture and fixtures | 7, 867. 90 | 6, 264. 00 | 1, 603. 90 |

During the entire period of its existence dividends had been paid on the common stock of Stollwerck Brothers, Inc., at the rate of 10 per cent per annum, and on the preferred stock at the rate of 6 per cent per annum. The taxpayer's income for 1919, the first year of its existence, was $621,894.51.

At least 6,000 shares of each class of stock of the taxpayer were sold to the public at $97.50 per share for preferred and $92 per share for common.

During 1919 and 1920 the taxpayer acquired depreciable assets as follows:

|  | 1919 | 1920 |
| --- | --- | --- |
| Buildings | | $176, 185. 52 |
| Machinery | $110, 571. 34 | 307, 962. 62 |
| Furniture and fixtures | 1, 952. 67 | 10, 959. 37 |

## OPINION.

TRAMMELL: The taxpayer in its tax return claimed a deduction for exhaustion, wear and tear of its buildings, machinery, and furniture and fixtures in the sum of $97,079.03, which the Commissioner reduced to $62,722.30. There is no question between the parties as to the proper rate of depreciation or as to the depreciation to be allowed on assets purchased after taxpayer had taken over the business of Stollwerck Brothers, Inc. The sole question involved is the cost to the taxpayer of the depreciable assets acquired from Stollwerck Brothers, Inc.

In 1917 the stock of Stollwerck Brothers, Inc., consisted of 6,000 shares preferred and 6,500 shares common of the par value of $100 each. Except for 335 shares, this stock was owned by enemy aliens and was taken over by the Alien Property Custodian. In the latter part of 1918 the stock owned by the Custodian was sold at public auction for $1,503,390, and the remaining 335 shares were acquired by the same interests for $55,610, a total purchase price of $1,559,000 for the equity of the stockholders in the company. Two months after the auction the purchasers caused the taxpayer to be organized and the assets, subject to the liabilities, to be transferred to it in exchange for $1,000,000 par value of preferred stock, $1,997,000 par value of common stock, and $300 cash. This stock was then offered to the public at $97.50 per share for the preferred and $92 per share for the common, and a substantial amount is shown by the testimony to have been sold at that price.

The parties are agreed, and there seems to be no reason to doubt, that in such circumstances as these the cost of the property is measured by the value of the stock issued therefor. The value of the stock is in turn measured by the market value of the assets acquired, including good will. The regulations of the Commissioner prescribe that, in such circumstances, the basis for depreciation is the fair market value of the property acquired for the stock and, in this appeal at least, we see no reason for questioning the correctness of that basis.

The Commissioner contends that the fair market value of the property transferred is to be measured by the price of stock of Stollwerck

Brothers, Inc., sold at auction and private sale; namely, $1,559,000 for the assets in excess of liabilities. Taxpayer claims that the fair market value is established by opinion evidence and sales of the stock of taxpayer to the public. The opinion evidence was based upon estimated cost of reproduction less theoretical depreciation. The reproduction cost new of assets less an amount of depreciation based on an arbitrary formula does not necessarily establish the value of the assets. *Appeal of Kinsman Transit Co.*, 1 B. T. A. 552; *Appeal of Valley Steamship Co.*, 1 B. T. A. 1107; *Appeal of Rockford Malleable Iron Works*, 2 B. T. A. 817; *Appeal of Tibby-Brawner Glass Co.*, 2 B. T. A. 918. Nor is the evidence of the price at which some of the stock of the taxpayer was sold to the public sufficient in our minds to establish the value either of the stock or assets acquired, in the absence of some showing as to the manner and volume in which sales were made. *Appeal of Fruen Investment Co.*, 2 B. T. A. 542; *Appeal of Automatic Transportation Co.*, 3 B. T. A. 505; *Appeal of Kennedy Construction Co.*, 4 B. T. A. 276. The record indicates that most of the sales of the common stock, at least, were made in small blocks of from two to twenty-five shares.

While sales at auction are not always the best criterion of value, and certainly are not conclusive, we believe that in this instance the actual value of the whole property is more nearly established by the auction sale than by any other testimony before us. There were some twenty buyers present, seven or eight of whom made bids for the property. The Commissioner claims that he has determined the cost of the depreciable assets by an apportionment of the price at which the stock sold at auction. In making this apportionment he has given to these assets a value less than the depreciated cost as shown on the books of the predecessor corporation. In this respect we believe that error has been committed. While we accept the basis used by the Commissioner in determining the cost of all the assets, tangible and intangible, we are of the opinion that the apportionment should be changed. The business taken over by the taxpayer had been profitably operated for several years and the depreciation taken during the years of operation, in so far as the record goes, has not been questioned by the Commissioner. In such circumstances, there is no reason to believe that these assets had a less value than their depreciated cost to the predecessor. It is conceivable that they had a greater value, but the evidence is not sufficient to justify us in determining any greater amount. The deduction for depreciation should be recomputed upon the basis of the depreciated cost to the predecessor company, as set out in the findings, and the deficiency should be recomputed accordingly.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*